UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LARRY SMITH

v.                                                                                              C.A. NO. 09-426 ML

OFFICER ESTRELLA ET AL.

REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Presently before the Court is a motion filed by plaintiff Larry Smith, *pro se*, for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(2) (Docket #2). Plaintiff, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed an amended complaint alleging that defendants violated his constitutional rights (the "Complaint") (Docket # 3). This matter has been referred to me for determination; however, upon screening the Complaint, as required by 28 U.S.C. § 1915(e)(2) ("1915(e)(2)"), I have found that the Complaint fails to state a claim upon which relief may be granted. Therefore, I address this matter by way of this Report and Recommendation. For the reasons stated below, I recommend that the Complaint be DISMISSED with prejudice and plaintiff's motion to proceed *in forma pauperis* be DENIED.

BACKGROUND

The following background is based on allegations in the Complaint, including the affidavits attached thereto. For the purposes of the screening in this Report and Recommendation, the factual allegations are taken as true, as required for determining if a complaint states a claim on which relief may be granted. *See Ashcroft v. Iqbal,* -- U.S. --, 129 S.Ct. 1937, 1950 (2009).

On January 14, 2009, defendant Officer Estrella requested that plaintiff assault fellow inmate Jonathan Moore and offered plaintiff extra phone calls for committing such assault. Officer Estrella promised that he and other officers would make a false report stating that inmate Moore attacked plaintiff. Plaintiff believes the officers wanted Moore attacked because Moore had filed reports and letters to the administration regarding officer misconduct. Thereafter, plaintiff attacked Moore, at least in part out of fear that he would be attacked if he did not

1

comply with Officer Estrella's request. After the attack, Officer Estrella made a false disciplinary report alleging that Moore attacked plaintiff and allowed plaintiff extra phone calls.

On May 25, 2009, defendants Officers Klaus and Estrella asked plaintiff to attack inmate Norman Lawrence and again promised him extra phone privileges and no discipline as a result of the attack. However, shortly after he committed the attack, plaintiff was handcuffed. Officer Estrella then told plaintiff that he would write a false report in plaintiff's favor.

On August 24, 2009, defendant Officer Douglas approached plaintiff's cell to return his radio to him. Officer Douglas thereafter called plaintiff racist names and threatened to "bury" him. Officer Douglas then stated he would book plaintiff for kicking his cell door and refused plaintiff's request to see a supervisor. Instead, Officer Douglas continued to provoke plaintiff. Officer Douglas later lodged a report against plaintiff for threatening him. Plaintiff alleges that Officer Douglas lodged the report because he was aware that plaintiff had legal actions against his "uniform Brothers," Officers Klaus and Estrella.

On or about September 14, 2009, plaintiff filed the instant action. On September 30, 2009, Officer Douglas refused to give plaintiff access to the law library cart even though plaintiff had requested the cart two days earlier. The Complaint alleges that Douglas denied plaintiff access to the cart because Douglas was aware that plaintiff had filed a complaint in the instant action. On the same day, Officer Klaus opened plaintiff's cell door instead of another inmate's door allegedly "to cause a problem" for plaintiff because plaintiff had filed a civil complaint.

In the instant action, plaintiff alleges that defendants Officers Klaus, Estrella, and Douglas were deliberately indifferent to the unsafe conditions in which they placed him in violation of the Eighth and Fourteenth Amendments to the United States Constitution. He also alleges that Officers Klaus and Estrella conspired to injure another in violation of 18 U.S.C. § 241. Additionally, he brings this action against Director of the Rhode Island Department of Corrections ("RIDOC") Ashburton T. Wall because he is legally responsible for the operations of RIDOC as well as Warden James Weeden and Deputy Warden Michelle Auger because they are responsible for the operations at the High Security Center where the above-described events occurred. Plaintiff seeks declaratory judgment, injunctive relief reassigning Officers Klaus, Estrella, and Douglas to different buildings, and compensatory and punitive damages.

## DISCUSSION

### I. Screening Under § 1915(e)(2) and § 1915A

In connection with proceedings *in forma pauperis*, § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines that the action, *inter alia*, fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Similarly, 28 U.S.C. § 1915A ("§ 1915A") directs courts to screen complaints filed by prisoners against a governmental entity, officer or employee and dismiss such claims for identical reasons. 28 U.S.C. § 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on a 12(b)(6) motion. *See Pelumi v. Landry*, No. 08-107, 2008 WL 2660968, at *2 (D.R.I. June 30, 2008). In making this determination, the Court must accept plaintiff's well pleaded factual allegations as true and construe them in the light most favorable to plaintiff, although the Court need not credit bald assertions and unverifiable conclusions. *Iqbal*, 129 S.Ct. at 1949-1950. Further, the Court must review pleadings of a *pro se* plaintiff liberally. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). To state a claim on which relief may be granted, the complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. ... Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 556-57)(inner quotations omitted).

### II. Legal Standard Under § 1983

To maintain a § 1983 action, the conduct complained of must have (i) been committed by a person acting under color of state law and (ii) deprived the plaintiff of a constitutional right or a federal statutory right. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980). Here, plaintiff has failed to allege facts indicating that defendants deprived him of a constitutional or federal statutory right.

### III. Eighth Amendment

Plaintiff claims that Officers Klaus, Estrella, and Douglas were deliberately indifferent to the "unsafe conditions" in which they placed him in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. Although plaintiff does not identify the unsafe conditions, presumably, he is complaining about (i) the risk to which Estrella and Klaus exposed him by causing him to attack fellow inmates and (ii) the threats Douglas made against him.

The Eighth Amendment imposes a duty on prison officials to "take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-527, 104 S.Ct. 3194 (1984). Further, prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970 (1994)(citation omitted). However, a prison official is liable for an Eighth Amendment violation only when (i) the harm alleged is sufficiently serious in objective terms such that it suggests denial of the minimal civilized measure of life's necessities and (ii) the official was subjectively aware of and deliberately indifferent to a serious risk of the harm. *See id.* at 833-34. "The absence of specific factual allegations tending to support either the objective or the subjective element is fatal to a prisoner's Eighth Amendment claim." *Jones v. Harris*, --- F.Supp.2d ----, 2009 WL 3425640, at *7 (S.D.N.Y. Oct. 13, 2009).

Here, although plaintiff alleges Klaus and Estrella deliberately subjected him to a risk of attack by the inmates they persuaded plaintiff to attack, plaintiff does not allege that he suffered a serious injury, or even any injury, as a result of the attacks. Additionally, to the extent plaintiff contends that threats against him by Douglas created unsafe conditions or amounted to cruel and unusual punishment, his allegations also fail to state a claim on which relief may be granted. Verbal harassment, absent any resulting physical injury, does not amount to infringement of a constitutional right actionable under Section 1983. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000); *Shabazz v. Cole*, 69 F.Supp.2d 177, 199-201 (D.Mass. 1999). Plaintiff here does not allege any physical injury or harm resulted from the verbal harassment.

Accordingly, as plaintiff does not state that he suffered any serious injury as a result of the alleged actions of Officers Klaus, Estrella or Douglas, his allegations pursuant to the Eighth Amendment fail to state a viable claim and should be dismissed. I so recommend.

IV. **Fourteenth Amendment**

Plaintiff also alleges generally that Officers Klaus, Estrella, and Douglas violated his rights under the Fourteenth Amendment. Presumably plaintiff is claiming that the officers denied him procedural due process because (i) he was handcuffed for fighting as a result of being coerced to attack inmate Laurence by Klaus and Estrella and (ii) Douglas lodged a report against him for threatening Douglas when Douglas had threatened and provoked plaintiff.

In order to state a procedural due process claim, a plaintiff must demonstrate a violation of a life, liberty or property interest. *See Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). Here, neither being handcuffed nor having a report lodged against him infringes a liberty or property interest. While a state may create liberty interests that are protected by the Due Process Clause, these interests are generally limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Connor*, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995)(punitive segregation for 30 days does not trigger protections of the Due Process Clause because it does not impose an atypical and significant hardship on prisoner). Clearly, being handcuffed and reported for a disciplinary infraction are common occurrences in prison and do not impose "atypical and significant hardship" on an inmate. Further, even if the disciplinary report was fabricated, a prisoner has no free standing liberty interest in not having a false disciplinary charge leveled against him. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir.1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2$^d$ Cir. 1986), *cert. denied*, 485 U.S. 982, 108 S.Ct. 1273 (1988); *Williams v. Foote*, No. 08-2838, 2009 WL 1520029 at *7 (C.D.Cal. May 28, 2009).

Accordingly, plaintiff's claims that defendants violated his due process rights are without merit and should be dismissed. I so recommend.

V. **Access to Courts**

Plaintiff alleges that Officer Douglas denied him access to the law cart. In *Bounds v. Smith*, the United States Supreme Court held that prisoners have a constitutional right to meaningful access to the courts. 430 U.S. 817, 821, 97 S.Ct. 1491 (1977). However, a prisoner does not have "an abstract, freestanding right to a law library or legal assistance," *Lewis v. Casey*, 518 U.S. 343, 351-53, 116 S.Ct. 2174 (1996); to recover for denial of access to the courts, the inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a ... nonfrivolous legal claim." *Id.* at 351-53. As plaintiff here fails to indicate that Officer Douglas's actions had any effect on any legal claim he was or is

pursuing, plaintiff fails to state a claim for denial of access to courts on which relief may be granted and should be dismissed. I so recommend.

## VI. Retaliation

Plaintiff also implies that Defendants Estrella, Douglas, and Klaus violated his First and Fourteenth Amendment rights to petition the government and access the courts by retaliating against him for exercising such rights. Specifically, plaintiff alleges (i) Officer Estrella requested that plaintiff attack Moore in retaliation for Moore's filing reports and letters to the administration regarding officer misconduct; (ii) Officer Douglas lodged a report against plaintiff for threatening Douglas in retaliation for plaintiff's legal actions against his "uniform brothers" Klaus and Estrella; (iii) Officer Douglas denied him access to the law library cart because Douglas was aware that plaintiff had filed a complaint in the instant action; and (iv) Officer Klaus attempted to "cause a problem" for plaintiff by opening plaintiff's cell door instead of the cell door of another prisoner because plaintiff was pursuing the instant action.

A claim asserting retaliation for the exercise of a constitutional right consists of three elements: (i) the plaintiff engaged in constitutionally protected conduct; (ii) the plaintiff suffered an adverse action that would deter a person of ordinary firmness from the exercise of the right at stake; and (iii) there was a causal connection between the constitutionally protected conduct and the adverse action. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir., 1999)(en banc)(per curiam); *Price v. Wall*, 464 F.Supp.2d 90, 96 (D.R.I. 2006). A prisoner has a right to file actions in court as well as use established prison grievance procedures, *see United Mine Workers v. Illinois State Bar Ass'n*, 389 U.S. 217, 222, 88 S.Ct. 353 (1967); *Hightower v. Vose*, 95 F.3d 1146 (1st Cir. 1996), and retaliation for the exercise of these rights is itself a violation of the constitution actionable under § 1983, *see White v. Napoleon*, 897 F.2d 103, 111-112 (3rd Cir. 1990). However, only retaliatory conduct that would deter a similarly situated individual from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation, otherwise the retaliatory act is simply de minimis and outside the ambit of constitutional protection. *See Ingraham v. Wright*, 430 U.S. 651, 674, 97 S.Ct. 1401 (1977). Moreover, claims of retaliation from prison inmates must "be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.1995)(citation omitted).

First, plaintiff's assertions that he was asked to attack inmate Moore in retaliation for Moore's complaints regarding officer misconduct do not state a viable claim. Such claim is

prefaced on alleged conduct by Moore rather than by plaintiff and thus fails to allege the first element of a retaliation claim.

Second, plaintiff's claim that Officer Douglas lodged a disciplinary report against him in retaliation for his "legal action against his uniform Brothers Klaus-Estrella" also fails. First, although a prisoner has a right to file actions in court as well as use established prison grievance procedures, see *United Mine Workers*, 389 U.S. at 222; *Hightower*, 95 F.3d at 1146, plaintiff's simple assertion that Douglas was reacting to plaintiff's "legal actions" does not describe the allegedly protected activity with adequate detail to support a claim that he had engaged in conduct protected by the First Amendment. Additionally, the only adverse action that plaintiff describes is having a disciplinary report lodged against him. Even assuming that plaintiff's "legal actions" amounted to protected activity, having a disciplinary report lodged against him, without more, does not constitute adverse action that would deter a person of ordinary firmness from exercising his or her right to pursue legal action in court or pursuant to the established prison grievance procedure. *See, e.g., Kynwulf v. Warth*, 09-418, 2009 WL 3855383, at *4 (S.D.Ohio Nov. 17, 2009)(filing of disobedience charge against plaintiff by prison guard insufficient to support adverse action for retaliation claim where plaintiff continued protected conduct and was acquitted of charge). Finally, other than his bald assertion that Officer Douglas acted in a retaliatory fashion, plaintiff provides no factual allegations, not even a timeline, suggesting that the disciplinary report was causally linked to his plaintiff's "legal action." *See Twombly*, 550 U.S. at 555 (to avoid dismissal for failure to state a claim, plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions).

Similarly, plaintiff's allegations that Officer Douglas denied him access to the law library cart on one occasion and Officer Klaus attempted to "cause a problem" for plaintiff by opening his cell door instead of the cell door of another inmate because they were aware that plaintiff had filed a complaint in the instant action fail to assert adverse action serious enough to deter a person of ordinary firmness from exercises his right to file a lawsuit. Additionally, plaintiff fails to allege more than bald assertions that the law cart denial and cell door opening were causally related to his lawsuit.

Accordingly, plaintiff's allegations of retaliation in violation of his constitutional rights fail to state claims on which relief may be granted and should be dismissed. I so recommend.

### VII. Conspiracy under 18 U.S.C. § 241

Plaintiff also attempts to sue Officers Klaus and Estrella under a criminal statute (18 U.S.C. § 241 - Conspiracy Against Civil Rights). However, "a private citizen has no authority to initiate a federal criminal prosecution." *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989)(per curiam). Further, as 18 U.S.C. § 241 does not convey a private right of action, Plaintiff may not seek relief under such statute. See *Pelumi*, 2008 WL 2660968, at *4. Accordingly, I recommend plaintiff's claims under 18 U.S.C. § 241 de dismissed.

### VIII. Supervisory Liability

Plaintiff also names RIDOC Director Wall, Warden Weeden, and Deputy Warden Auger as defendants because of their responsibility for the operations at the High Security Center. However, in a § 1983 action, only direct, rather than vicarious, liability is available. *See Aponte Matos v. Toledo Davila*, 135 F.3d 182, 192 (1st Cir. 1998). At a minimum, to support a claim of supervisory liability, a plaintiff must plead facts indicating an "'affirmative link' between the behavior of a subordinate and the action or inaction of his supervisor ... such that 'the supervisor's conduct led inexorably to the constitutional violation.'" *Maldonado v. Fontanes*, 568 F.3d 263, 275 (1st Cir. 2009)(citations omitted); *see also Iqbal*, 129 S.C.t at 1949 (implying "purpose rather than knowledge" is required to impose supervisory liability in a § 1983 action). Here, statements that Wall, Weeden, and Auger are legally responsible for the operations at the High Security Center fall short of alleging the affirmative link necessary to state a claim against them. Therefore, I recommend the claims against Wall, Weeden, and Auger be dismissed.

### CONCLUSION

As discussed above, I recommend the dismissal of the following claims: (i) defendants Klaus, Estrella, and Douglas violated plaintiff's rights under the Eighth Amendment by subjecting him to unsafe conditions; (ii) defendants Klaus, Estrella, and Douglas violated plaintiff's Due Process rights under the Fourteenth Amendment; (iii) defendant Douglas violated plaintiff's rights to access to the courts; and (iv) defendants Estrella, Douglas, and Klaus retaliated against plaintiff for engaging in constitutionally protected activity. Further I recommend the dismissal of the claims against Director Wall, Warden Weeden, and Deputy Warden Auger for supervisory liability. Finally, I recommend the dismissal of plaintiff's attempt to sue Klaus and Estrella for conspiracy pursuant to 18 U.S.C. § 241, which does not create a private right of action. Accordingly, I recommend that the Complaint be DISMISSED in its entirety and plaintiff's motion to proceed *in forma pauperis* be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
December 1, 2009